989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald E. MCDUFFIE, Plaintiff-Appellant,
v.
NISSEI SANGYO AMERICA, LTD., Defendant-Appellee,
and Nissei Sangyo Company, LTD., Defendant.
Ronald E. McDuffie, Plaintiff-Appellee,
v.
Nissei Sangyo America, LTD., Defendant-Appellant,
and Nissei Sangyo Company, LTD., Defendant.
 Nos. 92-1699, 92-1819.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 6, 1993
Decided: March 19, 1993
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-3188-HAR)
 Frederic W. Schwartz, Jr., Washington, D.C., for Appellant.
 Jack J. Carriglio, Marla B. Wilneff, FORAN & SCHULTZ, Chicago, Illinois; Steven C. Kahn, PEARLSTEIN, ESSEX & KAHN, P.C., Beltsville, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 In No. 92-1699, Ronald McDuffie appeals from the district court's order granting summary judgment to the Defendant in his action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1988). In No. 92-1819, Nissei Sangyo America, Ltd. (NSA) cross-appeals the district court's denial of its request for sanctions under Fed. R. Civ. P. 11. We affirm both orders.
 
 
 2
 McDuffie was employed by NSA as its national sales manager from September 1979 until he was terminated in October 1984. McDuffie, an American, filed this action claiming that his termination was part of a scheme to remove all high ranking American employees and replace them with Japanese employees. However, it is undisputed that NSA replaced McDuffie with an American employee and that this employee was later replaced by yet another American. The district court found that McDuffie failed to establish a prima facie case of discrimination and granted summary judgment to NSA.
 
 
 3
 We review the district court's grant of summary judgment de novo, applying the same standard applied by the court below. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). Summary judgment may be entered against a party"who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To establish a prima facie case of discrimination on the basis of national origin, McDuffie must show that (1) he is a member of a protected class of persons; (2) that he satisfactorily performed his job; (3) that he was discharged from his job despite satisfactory performance; and (4) that similarly situated people outside of the protected class were treated differently. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If McDuffie can make out a prima facie case, then the burden shifts to NSA "to articulate some legitimate, nondiscriminatory reason" for its conduct. Id. Should NSA carry this burden, McDuffie must then show, by a preponderance of the evidence, that the reasons offered by NSA were mere pretexts for discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981). Our review of the record discloses that McDuffie has failed to establish a prima facie case of discrimination on the basis of his national origin. Further, we find that even if a prima facie case existed, NSA articulated legitimate, nondiscriminatory reasons for its conduct, which McDuffie failed to show were pretexts for illegal discrimination. Therefore, we affirm the district court's order granting summary judgment to NSA.
 
 
 4
 NSA appeals the district court's order refusing to grant sanctions against McDuffie pursuant to Fed. R. Civ. P. 11. An appellate court "should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We are not persuaded that the district court abused its discretion and, therefore, affirm its order refusing to grant NSA's motion for sanctions.
 
 AFFIRMED